UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Page,<br><br>                      Plaintiff,<br><br>-against-<br><br>Ellenoff Grossman & Schole LLP et al.,<br>                      Defendant. | 25-cv-4792 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

    This suit brought by *pro se* litigant Joseph Page rehashes the same claims that the Court already dismissed with prejudice. So his claims are DISMISSED as precluded and untimely.

## BACKGROUND

    In 2022, Joseph Page sued Ellenoff Grossman & Schole LLP for legal malpractice. *Page v. Ellenoff Grossman & Schole LLP*, 2023 WL 4841916, at *1 (S.D.N.Y. Jul. 28, 2023). Ellenoff Grossman was hired to help with a merger a couple of years earlier. *Id.* at 2–3. At the center of the merger were a bunch of Page's blockchain ideas. *Page v. Ellenoff Grossman & Schole LLP*, 2023 WL 3606455, at *1 (S.D.N.Y. May 24, 2023). The point was to create a new corporate entity and assign it Page's patent applications. *Id.* Ellenoff Grossman's job was to help with the merger and to vet the applications. *Id.* at 2. It initially all went off without a hitch, and Page was installed as chief technical officer. *Id.* at 1–3. But then things went south. The company failed to raise money, Page quit, and shortly afterward the company discovered that the patent applications were bunk. *Id.* at 3. The company sued Page and Ellenoff Grossman, which had vetted the patents. *Id.* Page in turn sued Ellenoff Grossman as well, arguing that the firm engaged in misconduct. *Id.* at 4.

    The District Court held that Page's claims were time-barred. *Page*, 2023 WL 4841916, at *2. It held that the facts that could support his malpractice claim arose before the merger, that the three-year statute of limitations had passed, and that no other doctrine could rescue it. *Id.* at 3. Then, because his other claims piggybacked on his malpractice claim, it dismissed his suit with prejudice. *Id.* Page appealed.

    On appeal, he argued that Ellenoff Grossman "engaged in post-merger misconduct," which happened within the limitations period. *Page v. Ellenoff Grossman & Schole*, 2024 WL 4195137, at *2 (2d Cir. 2024). The Second Circuit rejected that argument, holding that "Page's claims arose solely from [Ellenoff Grossman's] actions in connection with the reverse merger, which closed on June 27, 2018." *Id.*

Then Page sued Ellenoff Grossman again. Dkt. 1. His complaint asserts substantially the same claims as the last time around. The Court ordered Page to show cause as to why his case shouldn't be dismissed or alternatively reassigned to Judge Caproni, who handled it the first time around.

## DISCUSSION

### A. Page's claims are barred by res judicata and the statute of limitations

Res judicata "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but didn't." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236–37 (2d Cir. 2018). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata." *Arizona v. California*, 530 U.S. 392, 412 (2000).

Page makes three kinds of arguments against res judicata. First, that "precisely none of the conduct giving rise to the instant claims formed any part of prior adjudication." Dkt. 9 at 1. On his telling his new case "is limited to Defendant's post-Merger conduct," while his prior case "was exclusively directed to Defendant's pre-Merger conduct." *Id.* at 2. Second, that his new case has new, different defendants. And third, that dismissing his case would bless any misconduct that happened in the last case. Each fails.

*First*, Page alleged post-merger conduct in his old case just like he does in this one. The title of the first section of his brief in the Second Circuit read: "Sufficient allegations of post-Merger conduct." Appellant's Br., *Page v. Ellenoff Grossman & Schole LLP*, 23-1199, Dkt. 39 at 2. Page's arguments about post-merger conduct sprawled across seven and a half pages. *Id.* at 11–18. In those pages, he insisted that his argument, going back to his complaint, was about events that happened after the merger. *Id.* at 8 ("Plaintiff's FAC … does in fact duly allege **in at least eight separate paragraphs**, Defendant conduct that occurred within the statute of limitations." (emphasis in original)). He can't turn around now and tell this Court the exact opposite.

Otherwise, Page's claims are trapped between res judicata and the statute of limitations. As discussed, the post-merger conduct that he brought up in his first case is squarely precluded. His only route around that is to allege some post-merger conduct that couldn't have been addressed in the last proceeding. He does that by pointing to two types of conduct during the last case. First, he alleges that Ellenoff Grossman "engaged in a pattern of deceitful conduct" by lying in court filings. But the alleged misrepresentations are just the litigating positions that Ellenoff Grossman took on the facts. Dkt. 1 ¶¶ 46–48. What Page now asks is for this Court to consider the factual disagreements *again*, under the guise of an inquiry into that alleged misconduct. That inquiry is precluded. The other conduct Page points to is the same as the conduct he challenged in the last suit, but characterized as ongoing through the case's duration. The idea is that Ellenoff Grossman failed to disclose some information to him. Before, Page argued that Ellenoff Grossman failed to tell him it before the lawsuit; now, Page argues that Ellenoff Grossman failed to tell him it during the

lawsuit. The Second Circuit's reasoning last time around explains why Page's claims fail this time around: "an attorney's failure to fix alleged legal errors cannot toll the statute of limitations." *Page*, 2024 WL 4195137, at *2. The Second Circuit couldn't have been clearer. In affirming the denial of Page's request to further amend his complaint, it noted: "*Any* newly added claim arising from EGS's alleged malpractice would be time-barred as well." *Id*. (emphasis added). So just as this theory was barred by the statute of limitations before, it's still barred now.

*Second*, the addition of new defendants changes nothing. This time around, Page added five new defendants who weren't named before—all lawyers at Ellenoff Grossman. Dkt. 1 ¶ 2. But he can't "avoid claim preclusion by naming additional defendants." *Thompson v. Morris Heights Health Ctr., Inc.*, 2021 WL 4776236, at *3 (S.D.N.Y. Oct. 12, 2021). That's because "the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995). Page doesn't argue that he didn't know about these lawyers; in fact, his complaint explains the role they played in the merger at the heart of this dispute. Dkt. 1. Their conduct is intertwined with that of Ellenoff Grossman, the original defendant. Similarly, for the same reason that any claim against Ellenoff Grossman would be time-barred, as the Second Circuit has confirmed, the identical claims lodged against the lawyers at that firm would be barred as well.

*Third,* any alleged lies told by attorneys in the last suit were already adjudicated. Page may not be happy with the outcome of that case. But "[a] litigant cannot collaterally attack a decision, decided adversely to him or her, simply by bringing a subsequent action alleging the same cause of action." *Brown v. Head*, 2004 WL 2884305, at *2 (S.D.N.Y. Dec. 10, 2004). "[H]is recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky*, 24 F. Appx. 26, 28 (2d Cir. 2001). Here, Page used his appeal to argue his case at the Second Circuit and lost. From there, his avenue to relief was through the Supreme Court, not this one.

### B. Page's motion to strike is denied

Page argues that defendants' brief in response to his letter to show cause should be struck because it wasn't filed on time and went over the page limit. Dkt. 12. "[C]ourts retain the discretion to excuse an untimely filing." *United States v. Lisi*, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020); *accord* Fed. R. Civ. P. 6(b) (requiring "good cause" to do so). And a district court has inherent "power to control its down docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997).

Striking Ellenoff Grossman's response would serve only to unnecessarily delay the resolution of this suit. Ellenoff Grossman attests that it filed its brief 4 minutes late because of a problem with its outside vendor, but that it served a copy of its brief on Page within the deadline. Dkt. 11 at 1. Striking that brief now would just lead to repetitive briefing on the same questions already addressed by the Court above. Even though Page asserts that he's "now at a severe disadvantage and the Court risks ruling on an important matter without having been duly informed," he doesn't

3

explain what that prejudice could be; and the Court has been duly informed by Ellenoff Grossman's brief. The Court denies his motion to strike.

## CONCLUSION

Page's claims are all dismissed with prejudice. His motion to strike is denied. The Clerk of Court is directed to terminate Dkts. 4 and 12 and close this case.

SO ORDERED.

Dated: October 17, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge
